**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------X---------------------------
RAHIEM DAVIS                              :

        Plaintiff                    :
                                  :

    -against-                       :   **Docket** No.:
                                  1:16-CV-04097-CBA-LB
                            :   AMENDED
                            :   **COMPLAINT**

THE CITY OF NEW YORK
100 Church Street
New York, NY 10007,
(212)356-1000
POLICE OFFICER, JUNIOR J. WALTERS
P.O.(SHIELD # 14810),
POLICE OFFICER, WANDA GOWINS, P.O.
(SHIELD # 02967)
Transit District 33
2399 Fulton Street,
Brooklyn, NY 345-6963
(718)345-6963                             :
NEW YORK CITY TRANSIT AUTHORITY,
THE METROPOLITAN TRANSIT AUTHORITY, :
MTA BUS COMPANY,
JANE DOE" AND                             :
"JOHN DOE"
100 Church Street
New York, NY 10007                        **PLAINTIFF DEMANDS**
                            :   **JURY TRIAL**

1'through'8 inclusive,
the names of the last defendants         :
being fictitious, the true names         :
of the defendants being unknown          :
to the plaintiff.                        :
               Defendants            :
-----------------------------------X---------------------------



Plaintiff, RAHIEM DAVIS, complaining of the defendants, The City of New York, The New

York City Transit Authority, The Metropolitan Transit Authority, MTA BUS COMPANY,

Junior J. Walters, Police Officers (P.O.) "Jane Does" AND "John Does" collectively referred to

as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the Plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the Plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent emotional injuries sustained by the plaintiff, as a result of the negligence of the Defendants, perpetrated while said Defendants Police Officers were in the process of illegally and unlawfully arresting and malicious prosecuting Plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned Federal causes of action as

a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's Federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

**PARTIES**

6. Plaintiff RAHIEM DAVIS resides in Kings County, and is a resident of the State of New York. Plaintiff is African American/Black American Citizen of United States.

7. That upon information and belief, Defendant, Police Officer/Detective Junior J. Walters was duly sworn police officers of said department and was acting under the supervision of said department and according to his official duties.

8. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department/Transit Authority Police Office and acting under color of state law. Said officers are being sued in both their individual and official capacities.

9. Defendants "John Doe" and "Jane Doe" 1'through'8 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

10. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers. The New York Transit

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. On or about July 18, 2015 at approximately 11.33 AM, by Rockaway Parkway Subway Station, Booth # H41, L Line, County of Kings, State of New York the Police officers employed

with the New York City Police Department, without warrant, probable cause and/or justification, falsely accused Plaintiff.

12. Plaintiff was at the Bus Station waiting for the bus and the Police Officers without any reason or justification started harassing and engaging in racial profiling Plaintiff and took him to the Police Precinct without giving him a reason. The Police Officers handcuffed and detained the Plaintiff the Police Officer took the Plaintiff to the Precinct. Then at the Police Precinct, they said the Plaintiff did not have a PHOTO ID, but the Plaintiff told them he has a photo identification and then they changed and said something different at the time, and that the Plaintiff did not pay for the bus. Plaintiff was then booked and charged in court. They pressured the Plaintiff into taking a plea deal but the Plaintiff refused.

13. Then at the Court Plaintiff presented proof that he paid for the bus and the whole charges were dismissed.

14. Prior to and after effecting the illegal arrest against the Plaintiff, Plaintiff informed the Police Officers that there was no cause to take him into custody.  Thereafter Defendant and their Agents were verbally abusive and then placed handcuffs on the Plaintiffs excessively tight.  Thereafter, they transported plaintiff first to the police Precinct where he was booked.

15. The Defendant Officers forcefully placed Plaintiff in a police vehicle. The Defendant Officers transported Plaintiff to the Police Precinct Station House and detained/imprisoned him therein. Plaintiff remained handcuffed and imprisoned inside of the police precinct until about 10:00 pm. Plaintiff eventually saw a Judge and was release.

16.     That even though the Defendants Police Officers knew should have known based on the facts that no crime had been committed, they still proceeded to arrest Plaintiff, charged him just to intimidate Plaintiff, further aggravating plaintiff's injuries.

17. That at no time during the arrest was Plaintiff read his Miranda rights.

18. At no time did Plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.  At no time did the Plaintiff commit any illegal acts, or engage in any conduct which in any way justified the profiling and unlawful actions of the police.

19. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continued to suffer injuries, including but not limited to emotional distress, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

20. The unlawful arrest of Plaintiff, Plaintiff's wrongful imprisonment because of Defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

21. The Defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against Plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

22. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer, mental anguish, repetitive injury, and emotional distress, and physical pain and suffering, some or all of which may be permanent.

23. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in fear and have been unable to function normally which has caused a severe strain and breakdown in his personal and business relationships, in and outside of his home.

24. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

25. As a direct and proximate result of defendants' actions, Plaintiff was deprived of rights,

privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

26. That each and every Officer/Detective and/or individual who responded to, had any involvement and/or was present at the location of the search, arrest and assault described herein knew and was fully aware that the search was illegal and that the Plaintiff did not commit any crime or offence, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

27. Nonetheless, Defendants Officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

28. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing Police Officers including Defendants in this case, to engage in unlawful conduct.

29. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

30. The actions of Defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

31. By these actions, Defendants have deprived Plaintiff of rights secured by the Fourth, Eighth,

and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

32. As a result of the aforesaid actions by Defendants Officers, Plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, and loss of rights to familial association, damage to reputation, pain and suffering.

33. There was no shred of evidence against Plaintiff but they continued to prosecute him and God's so kind they failed.

**FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 – False Arrest/Imprisonment**

34. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

35. The Defendants wrongfully and illegally arrested Plaintiff and/or failed to intervene to prevent Plaintiff's wrongful arrest, and falsely charged Plaintiff unfounded charges were all dismissed by the Jury after a criminal trial.

36. The wrongful, unjustifiable and unlawfully apprehension, arrest, and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion or warrant.

37. At all relevant times, the Police Officers Defendants acted forcibly in apprehending and arresting Plaintiff.

38. The Officer Defendants intended to confine Plaintiff and/or failed to intervene to prevent the confinement of Plaintiff, the Officer Defendants, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to confinement and the confinement was not otherwise privileged.

39. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged.

40. The Officers Defendants were at all times agents, servants, and employees acting within the scope of their employment by the New York Police Department (NYPD) and Defendant City. Defendant City is therefore responsible for their conduct under the respondent superior.

41. The conduct of Defendants Officers, as described herein, amounted to false arrest, unlawful entry, excessive use of force, malicious abuse of process, failure to intervene, unreasonable detention, unreasonable search and seizure, racial profiling, abuse of authority, pattern of harassment, conspiracy, discrimination, selective enforcement, fabrication of evidence, denial of equal protection of the laws, denial of right to fair trial, denial of due process rights and malicious prosecution.

42. Such conduct described herein violated Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

43. Consequently, Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

44. By detaining and imprisoning Plaintiff without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

45.     In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CAUSE OF ACTION: 42 U.S.C. § 1983 - Malicious Prosecution**

47. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

48. The Defendants maliciously commenced criminal proceedings against plaintiff.

49. The Defendants charged Plaintiff with these charges falsely, maliciously, in bad faith, and without probable cause.

50. After proceedings in criminal court in which Plaintiff was forced to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor after Jury verdict.

51.    The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution

52. As a direct and proximate result of the misconduct and abuse of authority detailed above. Plaintiff sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION: 42 U.S.C. § 1985**

53. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

54. In an effort to find fault to use against Plaintiff, Defendants Officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendment to United

States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

55. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprived Plaintiff of his constitutional and Federal rights in violation of 42 U.S.C. § 1985.

56. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained damages hereinbefore stated.

**FOURTH CAUSE OF ACTION: 42 U.S.C. § Municipal Liability - Failure to Train/Supervise/Discipline and Municipal Policy:**

57. Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below.

58. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest, and has failed to promulgate, put into effect and monitor the enforcement of appropriate rules to ensure that invalid warrants are promptly vacated.

59. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

60. Upon information and belief, many of the named individual Defendants might have a lengthy substantiated history of police misconduct, fraud and dishonesty which discovery may reveal. Further, so many Police Officers have been named as Defendants in numerous lawsuits in this district and in the Eastern District of New York alleging similar claims as those alleged herein -- many of which lawsuits have been settled by Defendant City of New York with said Defendant

making substantial monetary payments to the plaintiffs in the said lawsuits.

61. In addition to the named individual Defendants, several officers of the NYPD assigned to the NYPD Precinct -- as the named individual Defendants -- routinely perform warrantless searches and make unlawful arrests charging innocent persons with various crimes and/or offenses.

62. Most of the arrests and charges made by Officers assigned to the NYPD Precincts are usually voided and/or dismissed by Courts/Juries for lack of evidence.

63. Defendant City of New York has settled or lost numerous lawsuits brought some of which are to wit: *See, e.g., Shamarlon Villafana v. City of New York* (13 CV 3591); *Anderson Charles v. City of New York* (13 CV 2546); *Latisha Thomas v. City of New York* (12 CV 5061); *Cymantha Holly v. City of New York* (12 CV 4323); *Nicholls Olwyn v. City of New York* (08 CV 2098). The other examples of similar lawsuits filed against the CITY OF NEW YORK alleging false arrest and malicious prosecution, see, inter alia: Nicole Paultre Bell, et al. v. The City of New York, et al., Case No. CV07 2994;   Dexter M. Brown v. City of NY, Case No. 7003/99; Jerell Chappell v. The City of New York, Case No. 544/06; Margarita Rosario  v. City N.Y., Case No. 25092/95; John Holloway v. City of NY, Case No. 12525/03; Malcolm Ferguson v. City N.Y., Case No. 18951/01; Phyllis V. Clayburne v. City of New York, Case No. 32987/04; Salimata Sanfo v. New York City Police Department, Case No. 1760cv04; Michael Zito v. City of New York, Case No. 14732/99; Raymond B. Murray v. City of New York, Case No. 13644/96; Franklyn Waldron v. City of NY, Case No. 25179/00; Campos Vs. City of New York, Index No. 108667-96; Regina Garcia, Michael O'Keefe, et al., Case No. 116492/93; Darryl Barnes v. City of New York, Case No. 23752/91; Thomas Cusanelli   v. New York City Transit Authority, Case No. 121242/95; Christopher Nevin v. City of New York, Case No. 17962/92; Jason Rodriguez v. City of New York,  Case No. 17422/96; Hector and Angelo Garcia v. City of New York, Case No. 14647/92;

Alberto Castro v. City of New York, Case No. 119140/93; Darryl Barnes v. City of New York, Case No. 23752/91; Argenio vs. City of New York, et al., Index No. 117269/94; Elsie Diaz v. City of New York, Case No. 17731/85; Regina Argenio v. City of New York, Case No. 117269/94; Bastion vs. City of New York, Index No. 013735/90; Beebe Vs. City of New York, Index No. 3248/92; Papa v. City of New York, No. 15695/86, James Crockett v. City of New York, 11-CV-4378, to name just a few cases.

64. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, Defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of Plaintiffs' injuries as described herein.

65. The actions of Defendants, acting under color of State law, deprived Plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force and the right to due process.

66. By these actions, Defendants have deprived Plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

67. In an effort to find fault to use against the plaintiffs, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to United States Constitution, because of their race, ancestry and/or ethnicity, and took numerous overt

steps in furtherance of such conspiracy, as set forth above.

68. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiffs of their constitutional and federal rights in *violation of 42 U.S.C § 1985.*

69. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained damages.

## RIGHT TO RECOVERY

70. This is an action to seek maximum compensation for the serious and permanent damages and losses as a direct and proximate result of the misconduct and abuse of authority of the said Defendants. Guidance sets forth on the availability of compensation and punitive damages pursuant to the *Civil Rights Act of 1991, § 102 "Damages in Cases of Intentional Discrimination"* secured to the Plaintiff by the United States Equal Employment Opportunity Commission.

71. This is an action to seek full compensation for the damages and injuries sustained by the Plaintiff, as a result of the negligence of the Defendants perpetrated while said Defendants, Police Officers, were in the process of an unlawful arrest and malicious prosecution of the Plaintiff with reckless intent. Losses may include professional and career injuries. Losses includes character and reputation damages whereas the Defendant's malice practices has an adverse impact on a professional level as well as on applications and contracts herein-before in spite of the fact that all charges were unwarranted and was immediately dismissed yet sealed without trial or any provisional error – *hereinafter U. S. C. under section §1981A (a) (1).*

72. The Plaintiff is a certified and a qualified Electrician in the State of New York under standards approved by the Commission of Labor with pending applications and contracts – *hereinafter U. S. C. under section § 1981A (a) (1).*

73. The Plaintiff has a degree in Criminal Justice – with pending applications and contracts – *hereinafter U. S. C. under section § 1981A (a) (1).*

## EXTENT OF RECOVERY

74. The Plaintiff is also a small business owner with a web page and had well over a thousand followers at the time of the incident: promoting growth & self-improvement through his foundation he is managing. Suffering public humiliation and sabotage effects the income and responsibilities of the business in which the foundation helps raise awareness, resources, and funds towards pending applications or contracts –*hereinafter U. S. C. under section § 1981A (b).*

75. The Plaintiff is also seeking compensation for future pecuniary losses directly towards preventative actions against the malice intent; whereas, the Plaintiff manage a labor organization within the business that includes searching, investigating, and traveling the residential or metropolitan area that sometimes require security and the uses of public transportation – herein-before *U. S. C. under section § 1981A (b).*

76. Non-pecuniary losses may include *"REASONABLE ACCOMMODATION AND GOOD FAITH EFFORT" of the Rehab Act of § 1973:* intangible injuries or damages, emotional harm with family, friends, clients and colleagues in which there are sufficient causal connections to an investigation herein-before; respectively, against the Defendants, because of the involved unlawful practice that has unequal and

**Page 14**

adverse impact on a personal and professional standing. Reasonable accommodations that would provide opportunity and would not cause an undue hardship – *Rehab Act*: as a direct or proximate result of the misconduct and abuse of authority detailed in the complaint *hereinafter U. S. C. under section § 1981A (a) (b) (1).*

**WHEREFORE, Plaintiff respectfully requests judgement against the Defendants as follows:**

1. Compensatory damages in an amount to be determined by the Judge or Jury;
2. Punitive damages against the individual defendants in the amount to be determined by Judge or Jury;
3. Reasonable attorney's fees and cost *under 42 U.S. C §1988;*
4. Injunctive Relief;
5. And such other and further relief as this Court may deem necessary in the interest of justice.

Dated: November 4, 2016
Brooklyn, New York

Respectfully Submitted

By: _____

RAHIEM DAVIS

**Page 15**

# **VERIFICATION**

**State of New York**

RAHIEM DAVIS, being duly sworn, deposes and says that I am the Defendant in the within action and that I have read the foregoing Amended Answer and Counter claim and know the contents thereof; the same is true to the best of my knowledge except as to those matters stated to be upon information and belief and as to those matters I believe them to be true.

RAHIEM DAVIS

Sworn to before me this

3rd Day of NOV , 2016

JENNIBA SILLA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SI6297629
Qualified in Kings County
My Commission Expires 02/24/18

Notary Public

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------X------------------------------
RAHIEM DAVIS                          :
            Plaintiff      :
                           :
                           :    **Docket** No.:
    -against-                 :
                           :
THE CITY OF NEW YORK
100 Church Street
New York, NY 10007,
(212)356-1000
POLICE OFFICER, JUNIOR J. WALTERS
P.O.(SHIELD # 14810),
POLICE OFFICER, WANDA GOWINS, P.O.
(SHIELD # 02967)
Transit District 33
2399 Fulton Street,
Brooklyn, NY 345-6963              COMPLAINT
(718)345-6963                         :
NEW YORK CITY TRANSIT AUTHORITY,
THE METROPOLITAN TRANSIT AUTHORITY, :
MTA BUS COMPANY,                   :
JANE DOE" AND
"JOHN DOE"
100 Church Street
New York, NY 10007                    **PLAINTIFF DEMANDS**
                           :    **JURY TRIAL**
1'through'8 inclusive,             :
the names of the last defendants   :
being fictitious, the true names   :
of the defendants being unknown    :
to the plaintiff.                  :
            Defendants     :

----

**RAHIEM DAVIS**
**958 East 83rd Street, 1st Floor**
**Brooklyn, NY 11236**
**Tel: 718 791-9868**
**Email: RTDavis1@aol.com**
**Mailing Address: Po Box 360058, Brooklyn, NY 11236**